# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**PETE MCMANUS,**

    **Plaintiff,**

**vs.**                                              **CASE NO. 1:08CV110-MP/AK**

**MAYOR HANRAHAN, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed the first amended complaint *pro se*, which was originally transferred from the Middle District of Florida, and because he paid the full filing fee, he was directed to serve the amended complaint, which he did. All Defendants have moved to dismiss (docs. 26 and 27), and Plaintiff has responded. (Docs. 28 and 32).

The complaint on file is the First Amended Complaint (doc. 10), which alleges civil rights violations resulting from Plaintiff's residency at The 400 Building in Gainesville, which he claims was under the control of the Gainesville Housing Authority. Allegedly, flood damage ruined a refrigerator and caused mold resulting in physical injuries to Plaintiff such as lumps, rashes, and respiratory problems. Plaintiff also claims that Defendant Shirley Jones (the manager of the building) and John Cherry (Director of Gainesville Housing Authority) failed to fix a heater unit or supply electricity

to his bedroom for six months.  Ultimately Plaintiff claims that he was served an eviction notice for allegedly failing to pay rent and threatened with assault.

Plaintiff alleges generally that the Defendants committed gross negligence, conspired to evict him for being a "whistle blower," and discriminated against him in violation of the ADA for which he seeks $2,900,000.00 in damages for "months of excruciating pain and suffering."

The First Amended Complaint (doc. 10) is the last pleading of record and the pleading the Court addressed when it advised Plaintiff that because he paid the full filing fee he must serve the parties.  (See Doc. 13).  Summons issued and were returned executed on June 17, 2008.  (Docs. 15, 18, 19, 20 and 21).  Between the issuance of summons and their return, Plaintiff filed Exhibits which he entitled "Second Amended Complaint," but no motion accompanied these papers, and no identifiable pleading was included in the submission just pictures and articles and other documents, which were treated as exhibits to the first amended complaint.  (Docs. 16 and 17).  **Apparently, Plaintiff served an entirely different pleading on the Defendants**.

In the mayor's motion, she refers to the demand for $750,000.00.  As noted above, the demand of record is $2,900,000.00.  The mayor refers to Count 13 of the complaint, but there are no enumerated counts in the first amended complaint. Defendants GHA, Jones and Cherry refer specifically to a Second Amended Complaint in their motion, but again, there is no such pleading filed in this case. Defendants GHA, Jones and Cherry also refer to paragraphs in the Second Amended Complaint that do

**No. 1:08cv110-MP/AK**

not correspond with the paragraphs of the First Amended Complaint, so clearly the Defendants were served with a different pleading.

Buried in the body of his response to the motion to dismiss, Plaintiff requests **leave** to serve a second amended complaint. (Doc. 32, p. 3). The remainder of the "response" appears to be the proposed Second Amended Complaint and seems to correspond with the paragraphs referenced by the Defendants. Perhaps Plaintiff realized he had served a pleading upon the Defendants that he had not yet filed and sought to remedy it after the fact by "slipping" it in this way. However, there are a number of obvious procedural problems with this course of action. First, leave to amend must be sought by motion accompanied by the proposed amended pleading. Rule 15, Federal Rules of Civil Procedure and Local Rule 15.1. Defendants may respond to the motion and leave should not be granted if the proposed amended pleading would be futile. Second, there are two motions to dismiss a pleading that was never filed. This renders them moot. Finally, Defendants have apparently never been served with the complaint of record which has been pending since May 15, 2008. This raises service and other issues. In short, Plaintiff has created quite a mess. However, the only issue presently before the Court is the disposition of the two dispositive motions.

Therefore, it is respectfully **RECOMMENDED** that Defendants' motions to dismiss (docs. 26 and 27) be **DEEMED MOOT**, and this cause remanded to the

**No. 1:08cv110-MP/AK**

undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this __3rd__ day of March, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:08cv110-MP/AK**