IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETE MCMANUS,

    Plaintiff,

v.                                                      CASE NO. 1:08-cv-00110-MP-GRJ

JOHN CHERRY, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, brings this cause alleging violations of his civil rights under 42 U.S.C. §1983, violations of the Fair Housing Act, 42 U.S.C. §3601, et seq., violations of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., and various state law claims. Motions to dismiss have been filed by the City of Gainesville (the City) (Doc. 81); the Gainesville Housing Authority (GHA) (Doc. 82); and the Gainesville Florida Housing Corporation, Inc. (the Corporation) (Doc. 91). Plaintiff has responded, (Doc. 92), and the case is now ripe for review.

## I. PROCEDURAL HISTORY

This case was transferred from the United States District Court for the Middle District of Florida, Jacksonville Division, two years ago. Motions to dismiss were filed previously by the defendants named in the first amended complaint, (docs. 26 and 27), which were deemed moot when it was discovered that Plaintiff had served a second amended complaint on the defendants but he had not filed it with the Court. (See Docs. 41 and 49). A Third Amended Complaint was filed (doc. 46), and a second round

of motions to dismiss were filed. (Docs. 51 and 52). Before the Court ruled on the motions to dismiss, Plaintiff filed a Fourth Amended Complaint naming new defendants and stating his claims with more specificity. (Doc. 76). The district judge granted Plaintiff leave to amend and the pending motions to dismiss were again deemed moot. (Doc. 79). The defendants named in the Fourth Amended Complaint have moved to dismiss, and it is these motions that are now before the Court.

## II. **FOURTH AMENDED COMPLAINT (DOC. 76)**[1]

The allegations in the Fourth Amended Complaint alleged the following details. Plaintiff rented an apartment from GHA beginning in March 2002, which allegedly flooded several times over the course of seven years causing a mold problem and multiple medical issues for him. Plaintiff claims that the mold issue was not resolved despite repeated requests and documentation from his medical sources that the mold was causing his health problems. Plaintiff claims that he entered into a lease agreement with GHA, which included a contractual duty to provide him with a habitable rental unit. Plaintiff alleges that the Corporation owned the property, but GHA was under contract to manage it. Plaintiff seeks $750,000.00 in compensation for medical expenses, lost wages, attorneys fees, court costs, pain and suffering, and damaged property. (Doc. 76, p. 16).

The Fourth Amended Complaint contains nine counts. In count one Plaintiff purports to bring a state law claim for breach of the rental agreement with GHA for failing to provide him with habitable premises. Relying upon the same allegation that

---

[1] Plaintiff submitted exhibits to the Fourth Amended Complaint, which are referenced below as they pertain to specific claims. (Doc. 80).

GHA failed to provide Plaintiff with habitable premises, Plaintiff brings a tort claim in Count two for gross negligence. In Count three of the Fourth Amended Complaint, Plaintiff purports to bring a claim for violation of 42 U.S.C. § 1983 for allegedly retaliating against him by filing an eviction action after her complained of the conditions in his apartment. In Count four Plaintiff attempts to bring a § 1983 claim alleging that GHA illegally towed his truck and stole property from him. In count five, Plaintiff again attempts to bring a claim under § 1983, for failing to move Plaintiff from the apartment he contends was filled with mold to another mold-free unit. In Count six Plaintiff purports to allege a claim under § 1983 for allegedly unlawfully entering Plaintiff's apartment and destroying property. In Count Seven of the Fourth Amended Complaint, Plaintiff alleges that GSA violated the "full faith and credit clause" of the United States Constitution and failed to provide him with "reasonable accommodation." In Count eight, Plaintiff alleges that GHA violated the ADA, Section 8 of HUD and 42 U.S.C. § 1983 for failing to remedy various housing code violations and by instructing Plaintiff to treat the mold in his apartment with bleach rather than moving him to another apartment. Lastly, in Count nine of the Fourth Amended Complaint, Plaintiff alleges that GHA violated the Fair Housing Act by threatening and intimidating him. Plaintiff also claims that the City of Gainesville is responsible for the acts and omissions of GHA under a theory of *respondent superior*.

### III. <u>STANDARD OF REVIEW</u>

The Supreme Court recently expressed a new standard for reviewing the sufficiency of pleadings in <u>Bell Atlantic Corp., et al. v. Twombly</u>, 550 U.S. 544 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...[f]actual allegations must be enough to raise a right to relief above the speculative level...

The Court emphasized that "detailed factual allegations" were not required, but a complaint must contain specific factual matter, which if accepted as true, states a claim to relief that is "plausible on its face." *Id.* at 570. The Court expressly abandoned a literal reading of the "no set of facts" language announced in *Conley v. Gibson*.[2] *Id*. at 562-63. The plausibility standard is not akin to a "probability requirement," but it requires more than the sheer possibility that a defendant acted unlawfully. *Id*. at 556. A pleading that offers "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements will not suffice. *Id*. at 555. Further, the court is not bound to accept as true legal conclusions or legal conclusions couched as factual allegations. *Id*.

The holding in *Twombly* applies to all civil actions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 137 L.Ed.2d 868 (2009). In *Iqbal* the Court applied a two prong approach: determine what factual allegations are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement fo relief. *Id*. at 1950. In determining whether factual allegations are entitled to the assumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," rather it is their conclusory nature that "disentitles them to the

---

[2] *See* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957) (dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief).

*Case No: 1:08-cv-00110-MP -GRJ*

presumption of truth." *Id.* at 1951.

Even though *pro se* complaints are held to a less stringent standard than those drafted by an attorney, *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986), *citing Haines v. Kerner*, 404 U.S. 519, 520-1 (1972), "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Fishbein v. Stewart County Housing & Comm'n*, Case No. 4:08-CV-19 (CDL), 2008 WL 4500056 (M.D. Ga. September 30, 2008) (granting dismissal of *pro se* complaint for failure to identify what "Whistle Blower" statutes were violated and how a retaliatory eviction gave rise to federal jurisdiction), *citing Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## IV.  <u>ANALYSIS</u>

### A.  *Section 1983 and Respondeat Superior*

Plaintiff generally alleges that the Defendants retaliated against him by filing a false eviction notice after he complained about mold in his apartment. According to Plaintiff, he was forced to obtain counsel to defend the action, which GHA ultimately dismissed. (Doc. 80, Exhibit 2). Plaintiff also contends that Shirley Jones and John Carpenter (GHA employees) threatened him for complaining about the conditions at his apartment by screaming at him, attempting to "run into" him, and for failing to correct and/or by facilitating criminal activity conducted on the property.

Although GHA was the only party to the eviction action, Plaintiff collectively names all of the Defendants. The only theory asserted against the City is that the GHA is an agent of the city because the City appoints the board members of the Gainesville

Housing Authority. (Doc. 76, p. 2). Plaintiff presumably includes the Corporation as a defendant because it owns the building and is a party to the lease agreement, which GHA allegedly breached by failing to correct the conditions in the apartment. There are no separate facts or any conduct alleged against the Corporation.

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) the Supreme Court held that municipal entities – like the City and GHA – cannot be held liable under a theory of vicarious liability or *respondeat superior.* The only theory under which a governmental entity can be held liable under section 1983 is when the unlawful conduct, which caused the injuries, constitutes an official policy or custom. *Id.* 694. The only conduct or involvement in the wrongful acts alleged by Plaintiff against the City is that the City appointed the board members of the GHA. Consequently, because there is no conduct alleged against the City – other than the allegation that the City appoints the board of the GHA – as a matter of law the City cannot be held vicariously liable for the actions of GHA and therefore should be dismissed from Plaintiff's claims under § 1983.

The same reasoning applies to GHC. While GHC may have owned the building, Plaintiff has not alleged that his injuries were the result of any conduct by GHC or event that GHC was a party to his lease agreement. Presumably, Plaintiff again attempts to bring a claim soley based upon the theory of vicarious liability. Moreover, because Plaintiff has not alleged that his injuries resulted from a violation of any governmental policy, custom or conduct by GHC (as opposed to GHA) GHC cannot be liable under *Monell*

Plaintiff's conspiracy claims, asserted in Count Five, also should be dismissed because the allegations are too vague and conclusory. *See* Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simple aver in the complaint that a conspiracy existed..."). The only party mentioned in Count Five is GHA. There is a complete paucity of facts sufficient to suggest any collaboration, plan or scheme among or between any of the parties for any purpose and, therefore, there is no basis to proceed with a claim for conspiracy.

Finally, Plaintiff's claims in Count four against the Defendants for property loss and damage, couched as constitutional violations under 42 U.S.C. §1983, fail as a matter of law because even an intentional act of depriving another of property done under color of state law does not constitute a constitutional violation if state courts – as would be the case here – provide a meaningful remedy for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

To the extent that Plaintiff contends his constitutional rights were violated he must name the *persons* who allegedly committed these acts – and not the entities for whom the individuals worked. If he wishes to name the entities, such as the City or GHA, he must specifically allege that the City or GHA violated a custom or policy rather than attempting to establish that they are vicariously liable under the doctrine of *respondeat superior*

Accordingly, for these reasons, Plaintiff's claims asserted under 42 U.S.C. § 1983 fail as a matter of law, and to the extent that Plaintiff has attempted to bring

claims under § 1983 in counts three, four, five, six, eight and nine of the Fourth Amended Complaint these claims are due to be dismissed.

### B. Fair Housing Act and the Americans with Disabilities Act

Plaintiff also purports to assert a claim under the Fair Housing Act in Count Nine, citing 42 U.S.C. § 3604(f)(3), which prohibits discrimination because of a handicap. He refers to the prohibition in the FHA against "coercing, intimidating, threatening, or interfering with any person," codified at 42 U.S.C. § 3617, and which makes it unlawful to retaliate against a person for asserting any rights protected by the FHA. Construing his claims broadly, the Court interprets Plaintiff's claim as alleging that the Defendants took actions against him (refusing to address his complaints about mold and other conditions, and initiating eviction proceedings) because Plaintiff was handicapped and because he complained about these conditions.

Handicap is defined as "a physical or mental impairment which substantially limits one or more of such person's major life activities...." 42 U.S.C. § 3602. This definition is virtually identical to that used in the Americans with Disabilities Act, (ADA), 42 U.S.C.§12102, and it was the intent of Congress that these provisions be interpreted similarly. *See Housing Discrimination Law and Litigation*, §11D:2 (discussing legislative history of FHA and ADA).

Plaintiff has not alleged or identified any particular disability. Rather, Plaintiff merely claims that he suffers medical conditions from exposure to mold such as allergies, nasal polyps and bleeding, and watery and burning eyes. (Doc. 76, p.6). Further, while Plaintiff mentions receiving a two week work restriction for pulmonary

disease (which he later identifies as bronchitis and asthma) and "visual disease" from this mold that allegation is insufficient to demonstrate a disability because the determination of whether a person has a disability is based not on "the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual." Albertson's Inc. v. Kirkingburg, 527 U.S. 555, 566 (1999) (assessing term as used in ADA), *quoting* Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1998). Examples of "major life activities," defined in the ADA regulations include such things as: "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. §1630.2(I).

In addition to Plaintiff's failure to allege that he has a handicap – even if he did – Plaintiff's complaint still fails to allege a claim for failure to accommodate because Plaintiff has not alleged that he advised the Defendants of his alleged handicap. It is axiomatic that a defendant cannot be expected to make an accommodation for a handicap of which he is unaware. Hawn v. Shoreline Towers Phase I Condominium Assn., 347 Fed. Appx. 464 (11th Cir. 2009). Simply put, a defendant cannot be held liable for failing to accommodate unless a request is made for accommodation by the handicapped party. Plaintiff has not alleged that he ever requested an accommodation for a *handicap* from any of the three named defendants and, therefore, Plaintiff has failed to state a claim for failure to accommodate under the ADA. Keys Youth Servs., Inc. v. City of Olathe, 248 F.3d 1267, 1275 (10th Cir.2001) (city cannot be liable for refusing to grant a reasonable and necessary accommodation if the City never knew the accommodation was in fact necessary); Tsombanidis v. West Haven Fire

Department, 352 F.3d 565, 579 (2d Cir. 2003) (governmental entity must know what a plaintiff seeks prior to incurring liability for failing to affirmatively grant a reasonable accommodation). While Plaintiff alleges that he repeatedly requested that the mold infestation be corrected because he had a medical condition that is not the sufficient to allege the existence of a handicap or sufficient to allege a request for reasonable accommodation.

Lastly, to the extent Plaintiff attempts to assert a claim under the ADA in Count Eight, the claim fails for the same reason. In Count eight Plaintiff simply alleges that he fell and injured his shoulder while cleaning the mold off the ceiling, which caused a 63% disability to his rotator cuff and months of physical therapy. Even assuming that Defendants were responsible for the mold in Plaintiff's apartment, allowing mold to form in Plaintiff's apartment does not demonstrate discrimination based upon a disability but rather only a possible claim for breach of a duty created either under state tort law or under the lease.

## C. Statute of limitations

There is an even more fundamental problem with Plaintiff attempting to assert a claim under the FHA or the ADA. Any purported claim would be barred by the statute of limitations. The FHA provides that a person must file a civil action within two years after the occurrence of the discriminatory act or the termination of the discriminatory act, whichever occurs last. 42 U.S.C. § 3613. Under the ADA, a two year statute of limitations applies as well and begins when the Plaintiff is informed of the discriminatory act. *Everett v. Cobb County School Dist.*, 138 F.3d 1407, 1409-10 (11th Cir. 1998).

As alleged by Plaintiff the events in this case began on March 1, 2002, when Plaintiff entered into a lease agreement with the GHA for the apartment at the 400 Building. Plaintiff further alleges that the retaliatory eviction was served on February 28, 2005. Further, the exhibits filed by Plaintiff, incident to filing the Fourth Amended Complaint, disclose that at least by July 5, 2005, GHA was holding an apartment for Plaintiff at another location. (Doc. 80, Exhibit 4). There is no suggestion or allegation in the Fourth Amended Complaint that the uninhabitable conditions of which Plaintiff complains occurred at his new residence. The only other conduct Plaintiff complains about after he moved is an alleged "retaliatory truck towing" in 2007. Although Plaintiff alleges that the truck towing was some type of retaliation it has nothing to do with alleged violations of the FHA or the ADA and, therefore, cannot be considered relevant conduct within the applicable statute of limitations period.

The bottom line is that even if Plaintiff was allowed to amend his complaint to specify the nature of his handicap under the FHA or ADA, his claims, nonetheless, would be barred by the applicable statute of limitations and would be subject to dismissal. Accordingly, because it would be futile to allow Plaintiff to amend these claims, the claims should be dismissed with prejudice.

### D. State law claims

Lastly, Plaintiff has asserted state law claims for breach of contract and/or for tort violations in Counts One, Two , Four and Six of the Fourth Amended Complaint. Without passing upon the sufficiency of these allegations under state law, the state law claims are the only viable remaining claims in this case. Indeed, this action from the inception – and notwithstanding Plaintiff's unsuccessful attempts to transform it into a

federal civil rights case – has been and continues to be essentially a landlord/tenant dispute by a tenant to recover damages to his person and property he contends were caused by the landlord's failure to remediate mold in his apartment. While the Court may exercise jurisdiction over supplemental state law claims, the Court is not required to do so. The decision to exercise supplemental jurisdiction is within the discretion of the district court. See 28 U.S.C. §1367(c)(2). Indeed, in this circuit, district courts are "encouraged" to decline exercising supplemental jurisdiction when, as here, all federal claims are dismissed. Raney v. Allstate Insurance Co., 370 F.3d 1086,1088-1089 (11th Cir. 2004); Murphy v. City of Aventura, 383 Fed. Appx. 915, 918 (11th Cir. 2010). Accordingly, consistent with this policy and because the claims in this case essentially involve state law landlord-tenant issues, the Court in its discretion should decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice. [3]

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendants' motions to dismiss (docs. 81, 82 and 91) should be **GRANTED**, and the federal claims should be **DISMISSED with prejudice** and the state law claims should be **DISMISSED without prejudice**.

At Gainesville, Florida, this 19th day of November, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] Consistent with 28 U.S.C. § 1367(d) the period of limitations is tolled after dismissal for a period of 30 days so that Plaintiff will not be prejudiced by refiling in state court.

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**