IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PETE MCMANUS,

    Plaintiff,

v.                                       CASE NO. 1:08-cv-00110-MP -GRJ

CITY OF GAINESVILLE, GAINESVILLE FLORIDA HOUSING CORPORATION INC, GAINESVILLE HOUSING AUTHORITY,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 97, the Report and Recommendation of the Magistrate Judge, recommending that the Court grant the motions to dismiss at Docs. 81, 82 and 91. The plaintiff responded to the motions to dismiss at Docs. 92. He also filed three objections to the Report and Recommendation at Docs. 100, 102 and 104.

Beginning in March 2002, Plaintiff rented an apartment owned by GAINESVILLE FLORIDA HOUSING CORPORATION, INC ("the Corporation") and managed by GAINESVILLE HOUSING AUTHORITY ("GHA"). The apartment allegedly flooded several times over the course of seven years causing a mold problem and multiple medical issues for him. Plaintiff claims that the mold issue was not resolved despite repeated requests and documentation from his medical sources that the mold was causing his health problems. Additionally, Plaintiff claims that he was harassed and his property stolen in retaliation for his complaints about the condition of his apartment.

The Fourth Amended Complaint contains nine counts. In count one Plaintiff purports to bring a state law claim for breach of the rental agreement with GHA for failing to provide him

with habitable premises. Relying upon the same allegation that GHA failed to provide Plaintiff with habitable premises, Plaintiff brings a state tort claim in Count two for gross negligence. In Count three of the Fourth Amended Complaint, Plaintiff purports to bring a federal claim for violation of 42 U.S.C. § 1983 for allegedly retaliating against him by filing an eviction action after he complained of the conditions in his apartment. In Count four Plaintiff attempts to bring a federal § 1983 claim alleging that GHA illegally towed his truck and stole property from him. In count five, Plaintiff again attempts to bring a federal claim under § 1983, for failing to move Plaintiff from the apartment he contends was filled with mold to another mold-free unit. In Count six Plaintiff purports to allege a federal claim under § 1983 for allegedly unlawfully entering Plaintiff's apartment and destroying property. In Count Seven of the Fourth Amended Complaint, Plaintiff alleges that GSA violated the "full faith and credit clause" of the United States Constitution and failed to provide him with "reasonable accommodation." In Count eight, Plaintiff alleges that GHA violated the ADA, Section 8 of HUD and 42 U.S.C. § 1983 for failing to remedy various housing code violations and by instructing Plaintiff to treat the mold in his apartment with bleach rather than moving him to another apartment. Lastly, in Count nine of the Fourth Amended Complaint, Plaintiff alleges that GHA violated the Fair Housing Act by threatening and intimidating him. Plaintiff also claims that the City of Gainesville is responsible for the acts and omissions of GHA under a theory of *respondent superior*.

Having reviewed the Fourth Amended Complaint, the motions to dismiss and response, the Report and Recommendation, and the three objections filed by Plaintiff, the Court agrees with the Magistrate Judge that the federal claims brought by Plaintiff are subject to dismissal for several reasons. First, with regard to the City and the Corporation, no conduct by the City is alleged, except for the fact that the City appoints the board members who make up the GHA.

Also, no involvement by the Corporation is alleged, other than owning the premises. Therefore, the undersigned agrees with the Magistrate Judge that Plaintiff does not allege the kind of direct involvement required by *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Thus, all of the claims against the City and the Corporation are dismissed.

Second, Plaintiff's ADA and FHA claims are barred by the statute of limitations for each. First, ADA claims are subject to a two-year statute of limitations, and "claims of discrimination accrue when the plaintiff is informed of the discriminatory act." Everett v. Cobb County School Dist., 138 F.3d 1407, 1409-10 (11th Cir. 1998). Here, in Counts Seven and Eight, Plaintiff alleges acts of discrimination of which he was contemporaneously aware that took place from 2002 to 2005. Thus, claims based on these acts should have been brought by 2007 but were not. Also, with regard to the FHA, 42 U.S.C. § 3613 requires an aggrieved individual to bring suit within two years. All of the discriminatory acts which are claimed to trigger the FHA are alleged to have taken place in 2005 or before. Accordingly, these claims should also have been brought by 2007, but were not.

Finally, with regard to the § 1983 claims, the undersigned agrees with the Magistrate Judge that those that involve property loss or damage cannot proceed since the state courts could provide a meaningful remedy for the loss. The undersigned also agrees that Plaintiff has not alleged any facts sufficient to plausibly suggest any collaboration, plan or scheme among or between any of the parties for any purpose and, therefore, there is no basis to proceed with a claim for conspiracy. His allegations are either conclusory and speculative or involve a series of unrelated interpersonal disputes with individuals. For these reasons, Plaintiff's claims asserted under 42 U.S.C. § 1983 fail as a matter of law, and to the extent that Plaintiff has attempted to bring claims under § 1983 in counts three, four, five, six, eight and nine of the Fourth Amended

Complaint these claims are due to be dismissed.

With regard to the state law claims of breach of contract and/or tort in counts One, Two, Four and Six, the Court agrees with the Magistrate Judge that this case is best viewed as simply a state law landlord/tenant dispute and not a federal civil rights case. Accordingly, trying these issues in this Court would not be appropriate, and the undersigned declines to exercise supplemental jurisdiction now that all federal claims have been dismissed. Raney v. Allstate Insurance Co., 370 F.3d 1086,1088-1089 (11th Cir. 2004); Murphy v. City of Aventura, 383 Fed. Appx. 915, 918 (11th Cir. 2010).

In accordance with the above, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 97, is adopted and incorporated herein.

2. The motions to dismiss, Docs. 81, 82 and 91, are GRANTED, and this case is dismissed.

**DONE AND ORDERED** this  24th  day of January, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge